# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

EPIC PROPERTY MANAGEMENT,
LLC, a Michigan limited liability
company,

      Plaintiff,

v.

CITY OF SOUTHGATE, a Michigan
municipal corporation,

      Defendant.

Case No. 23-11624

Hon.

---

| DYKEMA GOSSETT PLLC | KERR, RUSSELL AND WEBER, PLC |
|---|---|
| Todd C. Schebor (P66358) | James E. Tamm (P38154) |
| Samuel R. Kilberg (P82188) | Kevin A. McQuillan (P79083) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 39577 Woodward Avenue, Suite 300 | 500 Woodward Avenue, Suite 2500 |
| Bloomfield Hills, MI 48304 | Detroit, MI  48226-3427 |
| (248) 203-0700 | (313) 961-0200; FAX (313) 961-0388 |
| tschebor@dykema.com | jtamm@kerr-russell.com |
| skilberg@dykema.com | kmcquillan@kerr-russell.com |

---

## NOTICE OF REMOVAL OF ACTION

Now comes Defendant CITY OF SOUTHGATE by and through its counsel,

Kerr, Russell and Weber, PLC, and in support of its Notice of Removal of Action,

hereby states as follows:

1. Defendant CITY OF SOUTHGATE was recently served with a copy of

the attached Complaint, less than 30 days from the filing of this Notice of Removal.

2.    Plaintiff's Complaint filed in the Wayne County Circuit Court on June 8, 2023 alleges, in part, federal questions:

    a.    Fourteenth Amendment Substantive Due Process (Count 1);

    b.    Fourteenth Amendment Procedural Due Process (Count 1);

    c.    Fourteenth Amendment Equal Protection (Count 2);

3.    Plaintiff's claims stem from the allegation that the City of Southgate's Ordinance (1422.03), which requires inspections of single-family residential rental units, is unconstitutional on its face and as applied to Plaintiffs. See, e.g., (Exhibit A, Complaint, ¶¶ 6, 46(A) & (B)).

4.    Plaintiff's allegations in the Complaint, involving claims arising under the Constitution and laws of the United States, are within the original jurisdiction of this United States District Court. 28 U.S.C. § 1331.

5.    All Defendants who have been served with process concur in the filing of this petition. Further, upon information and belief, such other un-served co-defendants would consent to removal.

6.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441, removal of this action from Wayne County Circuit Court to this United States District Court is proper.

7.    Plaintiff's claims based on violation of Michigan law form part of the same case or controversy and arise out of the same nucleus of operative fact, giving

the federal court supplemental jurisdiction over such claims pursuant to 42 U.S.C. §1367(a). *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

8.     A written Notice of Filing of this Removal has also been given to Plaintiff as required by law.

9.     A copy of this Notice of Removal and Notice of Filing Notice of Removal is filed with the Clerk of the Court for the County of Wayne, State of Michigan, as is required.

WHEREFORE Defendant CITY OF SOUTHGATE respectfully asks this Honorable Court to grant this Notice for Removal of Action.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By:  /s/*Kevin A. McQuillan*
        James E. Tamm
        Kevin A. McQuillan (P79083)
Attorneys for Defendant City of Southgate
500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200; (313) 961-0388 Fax
kmcquillan@kerr-russell.com

Dated: July 7, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties registered with ECF, through their counsel of record.

*/s/Kevin A. McQuillan*
Attorney for Defendant City of Southgate
500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200
kmcquillan@kerr-russell.com

Dated: July 7, 2023

# *Exhibit A*

Original Court  Original Court
1st Copy- Defendant  2nd Copy- Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 23-007417-CZ Hon.Charlene M. Elder |
|---|---|---|

Court telephone no.: 313-224-5436

| Plaintiff's name(s), address(es), and telephone no(s) EPIC PROPERTY MANAGEMENT, LLC | v | Defendant's name(s), address(es), and telephone no(s). CITY OF SOUTHGATE |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no Todd C. Schebor 66358 39577 Woodward Ave Ste 300 Bloomfield Hills, MI 48304-5086 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| SUMMONS |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 6/8/2023 | Expiration date* 9/7/2023 | Court clerk Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)    **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

EPIC PROPERTY MANAGEMENT, LLC,
a Michigan limited liability company

        Plaintiff,

vs.

CITY OF SOUTHGATE, a Michigan
municipal corporation,

        Defendant.

Case No. 2023-_____-CZ

Hon. _____

**VERIFIED COMPLAINT**

Todd C. Schebor (P66358)
Samuel R. Kilberg (P82188)
DYKEMA GOSSETT PLLC
*Attorneys for Plaintiff*
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
tschebor@dykema.com
skilberg@dykema.com

There is no other pending or resolved civil action
arising out of the transaction or occurrence alleged
in the Complaint.

**VERIFIED COMPLAINT**

Plaintiff Epic Property Management, LLC, a Michigan limited liability company ("Plaintiff" or "Epic"), by their attorneys Dykema Gossett PLLC, for its Complaint against defendant City of Southgate (the "City" or "Defendant"), states as follows:

**INTRODUCTION**

This case arises out of the City of Southgate Code of Ordinances Section 1422.03 (the "Rental Ordinance"), which is unconstitutional in violation of Article I, § 2 and 17 of the Michigan Constitution and the Fourteenth Amendment of the United States Constitution.

## GENERAL ALLEGATIONS

### Parties and Jurisdiction

1.      Plaintiff Epic Property Management, LLC, is a Michigan limited liability company.

2.      Plaintiff owns and/or manages approximately 52 single-family residential rental dwellings in the City of Southgate (collectively, the "Property"). *See* Property list attached hereto as **Exhibit A**.

3.      Defendant is a Michigan municipal corporation whose mailing address is 14400 Dix-Toledo Road, Southgate, Michigan 48195.

4.      Jurisdiction is proper in this Court pursuant to MCL 600.601, MCL 600.605, and MCL 600.308a, and the amount in controversy exceeds $25,000, exclusive of interest and costs.

5.      Venue is proper in this Court pursuant to MCL 600.1621 and MCL 600.1615 because this matter involves the claim of an unconstitutional ordinance as applied to real property located in Wayne County and Defendant is a governmental unit wholly located within the geographical bounds of Wayne County.

### Facts Giving Rise to the Claims against the City of Southgate

A.      **Southgate Ordinance**

6.      Section 1422.03 of the Southgate Ordinances ("Ordinance") prohibits a single-family residential rental unit from being occupied until a certificate of occupancy has been issued by the City of Southgate Building Department and requires that a new inspection be conducted prior to any new tenant reoccupying such rental unit.

7.      Section 1422.03, in pertinent part, states:

SECTION 1422.03 Certificates of Occupancy Required: Conditions for Issuance.

2

(a) No person shall hereafter occupy or reoccupy, and no owner or agent thereof shall permit the occupation or reoccupation of any building or addition thereto or part thereof, for any purpose, until a certificate of occupancy has been issued by the Building Department. The certificate of occupancy so issued shall state that the occupancy complies with this chapter.

. . .

(e) Commercial and industrial buildings shall be inspected each time they become vacant or change ownership or tenancy. Single-family residential rental units shall be inspected every three years or when reoccupied by a new tenant. Property owners shall notify the Building Department of a change of tenancy. (Emphasis added).

8. Currently, there are no requirements under the Ordinance for inspections of multi-family residential rental units in the City of Southgate prior to a new tenant reoccupying such rental unit.

**B.**     **Southgate's Rental Ordinance Is Unconstitutional**

9. The requirement that the owner of a single-family residential rental unit obtain a certificate of occupancy and have a new inspection every time a tenant reoccupies the rental unit creates a cost and burden to both owners and tenants of a single-family residential rental unit because it unreasonably delays the amount of time by which a unit may be reoccupied.

10. Multi-family residential rental units are not subject to the same requirements as single-family residential rental units because owners of multi-family residential rental units are allowed to lease such units to new tenants without obtaining a new inspection from the City of Southgate prior to such occupancy.

11. The Ordinance rationale for requiring residential rental inspections prior to any single-family residential rental unit being reoccupied is arbitrary and not rationally related to a legitimate government interest because any rationale should apply to similarly situated multi-family residential rental units, yet there is no inspection requirement for multi-family residential rental units prior to any such unit being reoccupied.

3

12. Owners and tenants of single-family residential rental units are unfairly singled out and disparately treated under the current Ordinance, which does not promote a legitimate governmental interest.

13. The Ordinance provides a clear competitive advantage to owners of multi-family and multi-unit residential rental units over owners of single-family residential rental units, because owners of multi-family and multi-unit residential rental units are not required to incur the same costs, burdens, and delays prior to such units being reoccupied by a new tenant.

C. **Epic Has Suffered Unreasonable Delays And Economic Loss Due To The Ordinance**

14. For approximately the past 4 years, Epic tracked and monitored the City of Southgate inspection process during tenant turnovers at its Property. On average it takes over 60 days for the City of Southgate to inspect a single-family residential rental unit on the Property and issue a new certificate of occupancy.

15. Compliance with the Ordinance causes Epic economic loss that is otherwise not incurred by owners of multi-unit residential rental units because they are allowed to have tenants reoccupy their rental units without an inspection.

16. The rational for having inspections after every change of tenancy in only single-family residential rental units is arbitrary and not rationally related to a legitimate governmental interest. If a tenant takes possession of the single-family residential rental unit on the Property, then subsequently needs to break the lease and move out after 1 month, Plaintiff is required to have another inspection done prior to any new tenant taking possession, despite having done a full inspection and receiving a certificate of occupancy the month prior. This leads to the possibility of Plaintiff being required to have an unreasonable number of inspections on the same single-family residential rental unit in the same calendar year.

4

17. The Ordinance is unrelated to the pursuit of the City of Southgate's legitimate goals. If health and safety of residential rental tenants was a concern, there would be a requirement for multi-family residential units to have inspections. Instead, the Ordinance arbitrarily and capriciously regulates single-family residential rental units with unreasonable requirements compared to similarly situated multi-family residential rental units.

## COUNT I

## VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS

18. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.

19. The United States and Michigan Constitutions prohibit depriving a person of property without due process of law. U.S. Const. Am XIV; Mich. Const 1963, Art 1, Sec. 17.

20. Procedural due process principles protect persons from deficient procedures that lead to the deprivation of cognizable property interests.

21. A procedural due process violation occurs when the government unlawfully interferes with protected property or liberty interests without providing adequate procedural safeguards.

22. Procedural due process requires that a party be provided notice of the nature of the proceedings and an opportunity to be heard by an impartial decision maker at a meaningful time and in a meaningful manner.

23. A substantive due process violation occurs when the government unlawfully interferes with a protected property or liberty interest through a legislative decision or regulation made without foundation in reason and are merely arbitrary or an irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare.

5

24. Plaintiff has a right to the reasonable use of its property, including its rental dwellings and land in the City of Southgate, free from arbitrary, unreasonable and capricious regulation.

25. The City of Southgate's Ordinance is supposed to ensure an objective approval process that will protect the health and safety of tenants in single-family rental properties, while at the same time not interfering with or preventing property owners from a lawful use of their single-family rental properties.

26. However, as explained above, the Ordinance, among other things: (1) creates a significant barrier for both landlord and tenants in renting single-family residential rental units; (2) deprives property owners, including Plaintiff, of the due process required in connection with obtaining a certificate of occupancy and being eligible to lease single-family residential rental units; (3) is arbitrary and not rationally related to a legitimate government interest; and/or (4) creates a clear economic advantage to multi-family residential rental units over single-family residential rental units.

27. The Ordinance on its face and in application arbitrarily and capriciously deprives Plaintiff of its property rights without substantive and/or procedural due process of law.

### COUNT II

### VIOLATION OF EQUAL PROTECTION

28. Plaintiff incorporates by reference as if fully forth herein, the above allegations.

29. The United States and Michigan Constitutions prohibit depriving a person of equal protection of the laws. U.S. Const. Am XIV; Mich. Const 1963, Art 1, Sec. 2.

30. Single-family residential rental units are required to obtain a certificate of occupancy and have an inspection conducted every time a new tenant occupies the rental unit, which is an unreasonable requirement.

6

31.     Similarly situated multi-unit and multi-family residential rental units are not subject to the same inspection requirements as single-family residential rental units.

32.     There are no reasonable factual or other distinctions or circumstances that exist to treat single-family residential rental units and multi-family residential rental units differently, or for the City of Southgate to treat the Property differently from other rental properties in the City.

33.     The Ordinance is arbitrary and discriminatory, particularly in allowing multi-family residential unit property owners to do what the City has precluded other similarly situated single-family residential unit property owners from doing, all in violation of Plaintiff's right to equal protection of the law pursuant to Article I, § 2 of the Michigan Constitution.

## COUNT III

## REQUEST FOR DECLARATORY RELIEF

34.     Plaintiff incorporates by reference as if fully forth herein, the above allegations.

35.     Under MCR 2.605, "[i]n a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted."

36.     For the reasons described above, the Ordinance is an unreasonable, arbitrary and capricious exercise of the police power and prevents and an illegitimate regulation on the use of the Property.

37.     The Ordinance is the proximate cause of substantial and continuing damages to Plaintiff's rental business.

## COUNT IV

## REQUEST FOR PERMANENT INJUNCTIVE RELIEF

38.     Plaintiff incorporates by reference as if fully forth herein, the above allegations.

39.     In deciding whether a party is entitled to a permanent injunction, courts consider

7

the following:

> (1) justice must require that the court grant the injunction,
>
> (2) there must be no adequate remedy at law, and
>
> (3) there must be a real and imminent danger of irreparable injury.

*Peninsula Sanitation, Inc v City of Manistique*, 208 Mich App 34 (1994).

40. This Court has the authority to grant an injunction. MCR 3.310(H).

41. Plaintiff has a strong likelihood of success on the merits of this Complaint.

42. Plaintiff has protected property rights that are being interfered with by the City of Southgate without just compensation and due process.

43. Irreparable harm to Plaintiff will result in the absence of injunctive relief.

44. The City of Southgate will not suffer substantial harm if an injunction is granted.

45. The public interest favors the granting of an injunction in favor of Plaintiff.

46. For the reasons stated in this Complaint, the City of Southgate should be enjoined from requiring single-family residential rental units to obtain a certificate of occupancy and reinspection every time a unit is reoccupied. If the City of Southgate is not enjoined, Plaintiff will continue to suffer harm and economic loss.

WHEREFORE, Plaintiff demands judgment as follows:

A. Entry of a Judgment by the Court that determines, declares and adjudges that the City of Southgate's rental inspection requirements and regulations set forth in Ordinance Section 1422.03(E), which requires that single-family residential rental units be inspected prior to a new tenant reoccupying the unit, is unconstitutional and/or invalid on its face;

8

B.      Entry of a Judgment by the Court that determines, declares and adjudges that the City of Southgate's rental inspection requirements and regulations set forth in Ordinance Section 1422.03(E), which requires that single-family residential rental units be inspected prior to a new tenant reoccupying the unit, is unconstitutional and/or invalid as applied to Plaintiff's Property, and/or other single-family rental dwellings in the City;

C.      Issuance of an injunction by the Court preventing the City of Southgate from requiring owners of single-family residential rental units to obtain a new inspection and certificate of occupancy every time a new tenant reoccupies the rental unit pursuant to Ordinance Section 1422.03(E).

D.      That the Court award Plaintiff its costs, interest and attorneys' fees, and such further or different relief as may be deemed just or appropriate.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: /s/ *Samuel R. Kilberg*
Todd C. Schebor (P66358)
Samuel R. Kilberg (P82188)
Attorneys for Plaintiff
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700

Dated:  June 8, 2023

## VERIFICATION OF COMPLAINT

I, Joshua K. Sterling, the President of Epic Property Management, LLC having first been duly sworn, depose and state that I have read the foregoing Verified Complaint for and verify the facts stated therein as true and accurate based on my knowledge, information and belief.

Epic Property Management, LLC

STATE OF MICHIGAN      )
                            ) SS
COUNTY OF Wayne      )

The foregoing was acknowledged before me this 8th day of June 2023 by Joshua K. Sterling, the President of Epic Property Management, LLC on behalf of said limited liability company.

Notary Public, State of MI , County of Wayne
My Commission Expires:
Acting in the County of Wayne

AMANDA CARDUCCI
Notary Public - State of Michigan
County of Wayne
My Commission Expires Dec 17, 2028
Acting in the County of Wayne

13

# EXHIBIT A

See attached

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

4880-9654-4861.2

| Property name | Address 1 | Address 2 | Address 3 | City/Locality | State/Prov | Postal code | Building type | Third Amendment to PA | Location | Rental owners | Type |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12256 Longtin St. | 12256 Longtin St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 12365 Longtin St. | 12365 Longtin St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 12377 Longtin St. | 12377 Longtin St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 12740 Venness St. | 12740 Venness St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | BKF Properties, LLC | Residential, Single-Family |
| 12769 Mercier St. | 12769 Mercier St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 12863 Eureka Ave. | 12863 Eureka Ave. | | | Southgate | MI | 48195 | Office | | Southgate, MI | Reece Equity, LLC | Commercial, Office |
| 12865 Eureka Ave. | 12865 Eureka Ave. | | | Southgate | MI | 48195 | Multi-Family | 1955 | Southgate, MI | Reece Equity, LLC | Residential, Multi-Family |
| 12948 Cunningham St. | 12948 Cunningham St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | BKF Properties, LLC | Residential, Single-Family |
| 12972 Cunningham St. | 12972 Cunningham St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | BKF Properties, LLC | Residential, Single-Family |
| 12985 Walnut St. | 12985 Walnut St. | | | Southgate | MI | 48195 | Single-Family | 1947 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 12997 Callender St. | 12997 Callender St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 12997 Cunningham St. | 12997 Cunningham St. | | | Southgate | MI | 48195 | Single-Family | 1959 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13009 Callender St. | 13009 Callender St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13045 Walnut St. | 13045 Walnut St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | BKF Properties, LLC | Residential, Single-Family |
| 13056 Pullman St. | 13056 Pullman St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13069 Cunningham St. | 13069 Cunningham St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | BKF Properties, LLC | Residential, Single-Family |
| 13069 Kerr St. | 13069 Kerr St. | | | Southgate | MI | 48195 | Single-Family | 1959 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13152 Jobin St. | 13152 Jobin St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13210 Spruce St. | 13210 Spruce St. | | | Southgate | MI | 48195 | Single-Family | 1956 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13213 Jobin St. | 13213 Jobin St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | BKF Properties, LLC | Residential, Single-Family |
| 13308 Birrell St. | 13308 Birrell St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13348 Helen St. | 13348 Helen St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | Epic Homes, LLC | Residential, Single-Family |
| 13374 Longtin St. | 13374 Longtin St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | MI Residential, LLC | Residential, Single-Family |

1

| Property name | Address 1 | Address 2 | Address 3 | City/Locality | State/Prov | Postal code | Building type | Third Amendment to PA | Location | Rental owners | Type |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 13388 Walnut St. | 13388 Walnut St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13403 Fordline St. | 13403 Fordline St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13472 Fordline St. | 13472 Fordline St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | BKF Properties, LLC | Residential, Single-Family |
| 13495 Backus St. | 13495 Backus St. | | | Southgate | MI | 48195 | Single-Family | 1950 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13515 Superior St. | 13515 Superior St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13518 Chestnut St. | 13518 Chestnut St. | | | Southgate | MI | 48195 | Single-Family | 1951 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13538 Walnut St. | 13538 Walnut St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13547 Ward St. | 13547 Ward St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | Nora Huizenga | Residential, Single-Family |
| 13556 Pullman St. | 13556 Pullman St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13643 Callender St. | 13643 Callender St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | Epic Homes, LLC | Residential, Single-Family |
| 13726 Callender St. | 13726 Callender St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | Epic Homes, LLC | Residential, Single-Family |
| 13731 Oakdale St. | 13731 Oakdale St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 13748 Helen St. | 13748 Helen St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 14069 Helen St. | 14069 Helen St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | Harbor Six Properties | Residential, Single-Family |
| 14205 Kennebec St. | 14205 Kennebec St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 14217 Mulberry St. | 14217 Mulberry St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 14368 Agnes St. | 14368 Agnes St. | | | Southgate | MI | 48195 | Single-Family | 1946 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 14489 Agnes St. | 14489 Agnes St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 14575 Pearl St. | 14575 Pearl St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | BKF Properties, LLC | Residential, Single-Family |
| 14613 Trenton Rd. | 14613 Trenton Rd. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | C & P Unlimited LLC | Residential, Single-Family |
| 14620 Agnes St. | 14620 Agnes St. | | | Southgate | MI | 48195 | Single-Family | 1951 | Southgate, MI | BKF Properties, LLC | Residential, Single-Family |
| 14621 Agnes St. | 14621 Agnes St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | BKF Properties, LLC | Residential, Single-Family |
| 14722 Poplar St. | 14722 Poplar St. | | | Southgate | MI | 48195 | Single-Family | 1936 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |

2

| Property name | Address 1 | Address 2 | Address 3 | City/Locality | State/Prov | Postal code | Building type | Third Amendment to PA | Location | Rental owners | Type |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 14746 Poplar St. | 14746 Poplar St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 14766 Mulberry St. | 14766 Mulberry St. | | | Southgate | MI | 48195 | Single-Family | 1955 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 15100 Drake St. | 15100 Drake St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | MI Residential, LLC | Residential, Single-Family |
| 15371 Devoe St. | 15371 Devoe St. | | | Southgate | MI | 48195 | Single-Family | | Southgate, MI | Daniel Krause | Residential, Single-Family |
| 15726 Poplar St. | 15726 Poplar St. | | | Southgate | MI | 48195 | Single-Family | 1959 | Southgate, MI | MI Residential, LLC | Residential, Single-Family |

3